**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GEORGE BARISICH, individually and on behalf of all**
**others similarly situated, and**
**UNITED COMMERCIAL FISHERMAN'S**
**ASSOCIATION, INC., individually and on behalf of all**
**others similarly situated,**

**CIVIL ACTION NO. 10-01324**

         **Plaintiffs**

**SECTION "J"**
**Judge Carl J. Barbier**

**Versus**

**BP, P.L.C.;**

**DIVISION (1)**
**Mag. Judge Sally Shushan**

         **Defendants**

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR COURT SUPERVISION OR, ALTERNATIVELY, TO APPOINT SPECIAL MASTER

At this Court's request at the status conference conducted on Tuesday, May 18, 2010, plaintiffs George Barisich and United Commercial Fisherman's Association, Inc., individually and on behalf of all others similarly situated, submit this supplemental memorandum in support of their motion for court supervision or, alternatively, to appoint a special master.[1] (Doc. Nos. 19, 25, 36). As counsel for the plaintiffs urged this Court at the status conference, Louisiana's commercial fishermen need a home, an immediately available forum to resolve disputes

---

[1]  This same relief, and supporting material, is being filed on behalf of fishermen plaintiffs in the following actions in this Court: *Robin v. BP plc, et al.*, No. 10-1295 (E.D. La., Sect. J, Barbier, J.); *Vath, et al. v. BP plc, et al.*, No. 10-1273 (E.D. La., Sect. F, Feldman, J.); and *Barasich v. BP plc, et al.*, No. 10-1316 (E.D. La., Sect. N, Engelhardt, J.).

-1-

regarding uniformity, consistency, cohesiveness, and fairness of the extra-judicial claims processing scheme being administered by BP[2] pursuant to the Oil Pollution Act of 1990 ("OPA"). BP would have this Court believe that the fishermen's only forum is the claims scheme itself, that for the 90 days of the OPA presentment requirement, the fishermen can only bring their problems with BP's administration of the claims scheme *to BP*. This is as good as giving the fishermen no home at all. BP's history of conduct as to the fishermen raises serious concerns as to the one-sided nature of the relationship, BP's disproportionate sophistication and resources as compared to the fishermen, who are under great financial duress, and BP's placement of fishermen clean-up volunteers in harm's way without appropriate safety training and personal protective equipment. Telling the fishermen that their only recourse is to bring their problems with BP's procedures to BP is like telling the hens to bring their issues with henhouse safety to the fox. The inescapable fact, however, is that OPA does not preclude this Court from exercising jurisdiction to supervise or appoint a special master to provide oversight and implementation guidance for the claims processing scheme, as well as for other issues that arise from BP's interaction with Louisiana's fishermen.

**I.   There Is No Jurisdictional Impediment To This Court's Supervision Of The Claims Scheme**

While *the substance* of claims for damages pursuant to OPA may be subject to OPA's presentment requirement, questions as to whether *the procedure* employed by BP in administering the claims scheme is fairly applied and in comportment with due process are well within this Court's jurisdiction. This Court's jurisdiction is grounded firmly in its powers under its admiralty jurisdiction as the protector of seamen, and under Federal Rule of Civil Procedure 23(d) and the Court's role as protector of absent class members. Moreover, the plaintiffs have

---

[2]   The defendants in this matter – BP, p.l.c., BP Exploration & Production Inc., and BP America Production Company – are referred to collectively herein as "BP."

brought claims sounding in state law, which are not preempted by OPA, and under federal maritime law, which – at least as to the fishermen – are also not field-preempted by OPA.

OPA provides a strict liability regime for certain defined types of damages resulting from a discharge of oil into navigable waters or upon adjoining shorelines. *See* 33 U.S.C. § 2702(a). OPA also provides that federal district courts "shall have exclusive original jurisdiction over all controversies arising under this Act." 33 U.S.C. § 2717(b). Nevertheless, BP claims that there is jurisdictional tension in light of two other sections of OPA: **(1)** BP, as the designated responsible party, is expressly charged under the statute with responsibility to "establish a procedure for the payment or settlement of claims for interim, short-term damages," 33 U.S.C. § 2705(a); and **(2)** "all claims for removal costs or damages shall be presented first to the responsible party," with an election to bring an action in court for recovery of damages under OPA available only if the claim presented to the responsible party is not settled within 90 days, 33 U.S.C. § 2713(a) and (c). The nature of the protective relief sought by the putative class of fishermen at this stage, however, does not run afoul of this OPA claims program or the presentment requirement.

In this action, the plaintiffs raise allegations on behalf of a putative class of fishermen based on state law causes of action – negligence and gross negligence, breach of contract, and public nuisance, and product liability (Doc. No. 1, ¶¶ 22-41) – and have not yet raised claims before this Court for damages under OPA. Indeed, in compliance with the OPA presentment requirement, the plaintiffs and members of the putative plaintiff class are presenting or preparing to present OPA claims for interim damages to the responsible party, BP. The specific relief sought from the Court in this motion is not a substantive determination of the merits of the claims being pursued through BP's claims scheme, but is oversight over the procedures that govern the implementation of that scheme. The presentment requirement in OPA does not

foreclose the exercise of such jurisdiction, nor are the jurisdictional or statute of limitations provisions at 33 U.S.C. §2717 in any way qualified in such a manner as to preclude the exercise of jurisdiction to provide the procedural supervision now sought by the plaintiffs.

While courts have found that OPA's presentment requirement prevents a party from bringing a claim for recovery of damages under OPA to a court before engaging in the 90 days' claims scheme under 33 U.S.C. § 2713(a), those decisions concern only whether a court can hear the merits of the claim for OPA damages, not whether a court's § 2717 jurisdiction is precluded as to issues regarding the procedures employed in the claims scheme. *See, e.g., Gabarick v. Laurin Maritime (America) Inc.*, 623 F. Supp. 2d 741, 750-51 (E.D. La. 2009). This Court, in *Gabarick*, noted that the presentment requirement only applies to claims *for damages* under OPA. *Id.* ("Additionally, it is important to note that this [presentment requirement] has no effect on damages not covered under OPA."). Judge Clement observed that "OPA does not completely preempt the field such that any claim arguably arising under OPA is necessarily federal." *Tanguis v. M/V Westchester*, 153 F. Supp. 2d 859, 867 (E.D. La. 2001). Where OPA fails to address a particular aspect of a claim arguably otherwise arising under OPA, such as particular procedural oversight to be employed in the initial presentment scheme, courts typically fill that gap by looking to general maritime law. *Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atlantic Corp.*, 924 F. Supp. 1436, 1454 (E.D. Va. 1996).

As a threshold matter, general maritime law does not preclude the economic damages being sought by the plaintiff fishermen, and the Court holds a special duty under its admiralty jurisdiction to protect those fishermen's economic interests:

> [C]laims for economic loss asserted by the commercial oystermen, shrimpers, crabbers and fishermen raise unique considerations requiring separate attention. Traditionally, seamen have been recognized as favored in admiralty and their economic interest require the fullest possible legal protection. Accordingly, in those

> instances where there has been a tortious invasion of commercial
> fishing areas by the introduction of pollutants or contaminants,
> courts have affirmatively protected those fishermen who incurred
> actual economic losses.

*Louisiana ex rel. Guste v. M/V Testbank*, 524 F. Supp. 1170, 1173 (E.D. La. 1981). No part of

OPA addresses a presentment requirement as to challenges to the procedural implementation of

the claims scheme by the responsible party, but only that the presentment requirement will apply

to the substantive claim for damages; accordingly, there is nothing in OPA to prevent this Court

from exercising jurisdiction for procedural oversight to "bridge the gap." To the contrary, the

Court's admiralty jurisdiction and its special duty to protect seamen, and the economic interests

of fishermen in particular, provide additional jurisdictional support for that bridge. *See also*

*Harden v. Gordon*, 11 Fed. Cas. at 485 (1st Cir. 1823) ("They [seamen] are emphatically the

wards of the admiralty; and though not technically incapable of entering into a valid contract,

they are treated in the same manner as courts of equity accustomed to treat young heirs, dealing

with their expectancies, wards with their guardians, and cestuis que trust with their trustees.");

*Halliburton v. Ocean Drilling & Exploration Co.*, 620 F.2d 444, 445 (5th Cir. 1980) ("Releases

signed by seamen, the 'wards of admiralty,' are given the most careful scrutiny."); *Coto v. J. Ray*

*McDermott, S.A.*, 1999-1866 (La. App. 4th Cir. Oct. 25, 2000), 772 So. 2d 828, 830

("[J]urisprudence has termed the release of a seaman precarious, at best, and has clearly laid the

burden on the party seeking to uphold the release to show that it was given with an informed

understanding by the seaman and appreciation of the consequences of the release.).

    Moreover, it is important to note that the parties are before this Court initially on the

basis of their pled state law claims, claims that OPA clearly does not preempt. *See Tanguis*, 153

F. Supp. 2d at 863 ("OPA explicitly does not preempt state law in the area of oil spill liability

and compensation.") (internal quotation marks omitted); *Isla Corp. v. Sundown Energy, L.P.*,

2007 WL 1240212, *2 (E.D. La. April 27, 2007) (same); *see also Russo v. M/T Dubai Star*, 2010 WL 1753187, *3 (N.D. Cal. April 29, 2010) ("The remainder of plaintiffs' causes of action, however, arise not under OPA but under state law. ***The presentation requirement does not apply to these claims*.) (footnotes omitted) (emphasis added). The regime (or essential lack thereof) that BP would have this Court institute – exercising jurisdiction regarding issues such as release language in the Master Vessel Charter Agreements and safety training and equipment for fishermen, but abdicating its special duty and jurisdiction over the fishermen when they enter into BP's claims scheme – creates an ungainly and piecemeal system of administration of the fishermen's rights and exercise of this Court's jurisdiction. This false division is without basis in the law or equity.

Furthermore, this Court has jurisdiction and a duty under Federal Rule of Civil Procedure 23(d) to protect the putative class members by issuing any necessary orders to "determine the course of the proceedings," specifically to "prevent undue repetition or complication in presenting evidence or argument." Fed. R. Civ. P. 23(d)(1).

> A court must take steps to further the policies embodied in Rule 23. One policy of Rule 23 is the protection of class members from misleading communications from the parties or their counsel. That same policy concern applies where a party misleads class members by omitting critical information from its communications. Communications that threaten the choice of remedies available to class members are subject to a district court's supervision.

*In re Currency Conversion Fee Anti-trust Litig.*, 361 F. Supp. 2d 237, 252 (S.D.N.Y. 2005) (internal quotation marks and citations omitted). "In addition, where there is a relationship that is inherently coercive, the court does not need to make a finding that a particular abuse has occurred." *Sorrentino v. ASN Roosevelt Center, LLC*, 584 F. Supp. 2d 529, 532 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).

## II.   Declarations Support the Exercise of This Court's Jurisdiction

Here, there could hardly be a more inherently coercive relationship, where BP has committed actions that have stripped the fishermen of their livelihood and it is BP that also holds the statutory key to any immediate interim relief. As seen in the accompanying declarations, the abuses and miscommunications are real, and the threat that they will continue is clear. A non-exclusive list of examples includes that

- The large community of Vietnamese fishermen are not provided with adequate translators;

- Inconsistency exists from one claims center to another, and sometimes within the same claims center, as to how claimants represented by counsel will be treated – i.e., whether they will be put to the back of the line, will be held to more onerous proof burdens, or will be denied interim compensation for damages altogether;

- Fishermen are not guaranteed that the information they provide in support of their interim damages claims, including personal financial information, will be kept confidential;

- Fishermen, as putative class members, are not guaranteed that BP will not use the information gained through the claims scheme as a means to discovery on the fishermen's legal claims;

- Forms used by BP contain misleading information regarding the recoverability of attorneys' fees; and

- Fishermen are not informed whether additional and continuing economic losses will be subject to an entirely new claim.

Therefore, under Federal Rule of Civil Procedure 23(d) and this Court's duty to protect putative class members, under this Court's admiralty jurisdiction and its particular duty to protect

the economic interests of fishermen, and under 33 U.S.C. § 2717, this Court has jurisdiction to act in a supervisory role to referee disputes arising out of the procedural administration of the BP claims scheme, either directly or through appointment of a special master.

## III.   Conclusion

OPA's presentment requirement does not render the fishermen homeless, without a forum to resolve procedural disputes regarding BP's claims scheme. As with all other aspects of the fishermen's claims brought before this Court, such disputes are not outside this Court's jurisdictional purview. This Court is their protector, regardless of whether they and their livelihood have been thrown at the mercy of BP's uncontrolled oil spill. It is not the nature of the causation that controls, but the status of the plaintiffs as wards of the Court and putative class members. The plaintiffs request that this Court exercise its abundant jurisdiction and grant this motion to oversee the procedural administration of the BP claims scheme.

Respectfully submitted,

/s/James M. Garner
**JAMES M. GARNER (# 19589)**
**TIMOTHY B. FRANCIS (# 14973)**
**JOSHUA S. FORCE (# 21975)**
**SHARONDA R. WILLIAMS (# 28809)**
**EMMA ELIZABETH ANTIN DASCHBACH (#27358)**
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone:    (504) 299-2100
Facsimile:     (504) 299-2300

**GLADSTONE N. JONES, III (# 22221)**
**EBERHARD D. GARRISON (# 22058)**
**KEVIN E. HUDDELL (# 26930)**
**H.S. BARTLETT III (# 26795)**
**JACQUELINE A. STUMP (# 31981)**
Jones, Swanson, Huddell & Garrison, L.L.C.
Pan-American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone:     (504) 523-2500
Facsimile:     (504) 523-2508

**STUART H. SMITH (# 17805)**
**MICHAEL G. STAG (# 23314)**
Smith Stag, L.L.C.
365 Canal Street, Suite 2850
New Orleans, LA 70130
Telephone:     (504) 593-9600
Facsimile:     (504) 593-9601

**VAL PATRICK EXNICIOS (#19563)**
Liska, Exnicios & Nungesser
One Canal Place 22nd Floor
365 Canal Street, Ste. 2290
New Orleans, LA. 70130
Telephone:     (504) 410-9611
Facsimile:     (504) 410-9937

**THOMAS E. BILEK, TX Bar # 02313525**
**KELLY COX BILEK, TX Bar # 00786286**
The Bilek Law Firm, L.L.P.
808 Travis, Suite 802
Houston, Texas 77002
Telephone:     (713) 227-7720
Facsimile:     (713) 227-9404

**FREDERICK T. KUYKENDALL III**
(Ala. Bar # ASB-4462-A59F)
Kuykendall & Associates, LLC
P.O. Box 2129
Fairhope, Alabama 36533
Telephone:     (205) 453-0060
Facsimile:     (205) 453-0042

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on all counsel of record through this Court's electronic filing and notification system, this 21st day of May, 2010.

_/s/James M. Garner_