UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE BARISICH**, individually and on behalf of all others similarly situated, and **UNITED COMMERCIAL FISHERMAN'S ASSOCIATION, INC.**, individually and on behalf of all others similarly situated, | * * * * * * * | CIVIL ACTION NO. 10-CV-01324 SECTION "J" JUDGE BARBIER |
| | * * | MAGISTRATE NO. 1 MAG. JUDGE SHUSHAN |
| Plaintiffs, | * * | |
| versus | * * | |
| **BP, PLC, BP AMERICAN PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INC., TRANSOCEAN, LTD., TRANSOCEAN HOLDINGS, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., ANADARKO E&P COMPANY, LP, ANADARKO PETROLEUM CORPORATION; MOEX OFFSHORE 2007 LLC; CAMERON INTERNATIONAL CORPORATION, HALLIBURTON ENERGY SERVICES, INC., AND HALLIBURTON COMPANY,** | * * * * * * * * * * * * * * * | |
| Defendants. | * | |
| ***************************************** | * | |

**DEFENDANT HALLIBURTON COMPANY AND HALLIBURTON ENERGY
SERVICES, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

Halliburton Company and Halliburton Energy Services, Inc. (together "Halliburton Defendants"), appearing solely and specially to respond to this motion and reserving all defenses, submit this Response to Plaintiffs' Motion to Compel production of documents pursuant to Subpoenas to Produce Documents, Information, or Objects, or to Permit Inspection of Premises (the "Subpoenas").[1,2] Plaintiffs' Subpoenas are premature, procedurally improper, create an undue burden on Halliburton Defendants, and fail to allow a reasonable time for compliance. For these reasons, as well as those stated in Halliburton Defendants' Memorandum in Support of its Motion to Quash [Rec. Doc. 60-1], Halliburton Defendants respectfully request that this Court deny Plaintiffs' Motion to Compel and quash Plaintiffs' Subpoenas.

## INTRODUCTION AND PERTINENT FACTS

This case is one of more than ninety (90) virtually identical individual and proposed class actions pending in various state and federal courts in the southeastern United States. Each action arises out of an explosion and fire onboard Transocean's Deepwater Horizon drilling rig on April 20, 2010, and the ensuing oil spill from the BP well located on Mississippi Canyon Block 252 (the "Deepwater Horizon Incident").

Since April 20, 2010, numerous plaintiffs have filed individual or proposed class actions alleging personal injuries, injury to their business or commercial interests, and/or injury to their

---

[1] In filing this Response, Halliburton Defendants reserve all defenses, including their rights to object to jurisdiction, service of process, and any other issues in this matter, and all other defenses available pursuant to Federal Rule of Civil Procedure 12(b), including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join necessary parties. Without waiving such rights, Halliburton Defendants further reserve any claims to all applicable privileges, including but not limited to, attorney-client, work-product, and confidentiality/trade secret privileges. Halliburton Defendants submit this Response to the Court solely to respond to Plaintiffs' Motion to Compel.

[2] Halliburton Defendants have made a diligent effort to provide this Court with a Response within a reasonable time due to the expedited nature of the motion and hearing.

2

real property arising from the Deepwater Horizon Incident. Plaintiffs filed their Complaint on May 3, 2010 [Rec. Doc. 1], and served Halliburton Defendants on May 11, 2010. [Rec. Docs. 10, 11]. On May 17 and 18, 2010, Halliburton Defendants filed respective Motions to Extend Time Within Which to File Responsive Pleadings [Rec. Docs. 28, 34], which this Court granted on May 24, 2010 [Rec. Docs. 66, 67]. Halliburton Defendants' answers, therefore, are due June 22, 2010. Further, Halliburton Defendants have pending before this Court a Motion to Stay proceedings pending a decision from the Judicial Panel on Multi-District Litigation, which other courts from this district have granted.[3]

On May 11, 2010, however, Plaintiffs served Halliburton Defendants with Subpoenas for documents.[4] Plaintiffs' Subpoenas requested sixteen categories of documents, fully set forth in Halliburton Defendants' Motion to Quash and incorporated herein by reference. [Rec. Doc. 60, pp. 3-4]. Plaintiffs requested the production of all these documents by May 24, 2010, at 10:00 a.m., and now seek an order compelling Halliburton Defendants to respond. Halliburton Defendants respectfully request that this Court deny Plaintiffs' Motion and quash Plaintiffs' Subpoenas because the discovery requests are premature, procedurally improper, work an undue burden on Halliburton Defendants, and fail to allow a reasonable time to comply.

## ARGUMENTS AND AUTHORITIES

### A. Plaintiffs improperly seek discovery before commencement of the suit.

Plaintiffs' Subpoenas are requests for discovery in direct violation of the Federal Rules of Civil Procedure. Halliburton Defendants' responsive pleadings are not yet due and the discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure has not yet occurred.

---

[3] On May 25, 2010, Judge Feldman granted a stay order in another case arising out of the Horizon Deepwater Incident. A true and correct copy is attached hereto as Exhibit "A."

[4] The subpoenas that Plaintiffs issued to HESI and Halliburton Company are attached hereto as Exhibits "B" and "C," respectively.

Discovery generally begins after the defendant has answered and the parties have completed the Federal Rule of Civil Procedure 26(f) discovery conference. *See* Fed. R. Civ. P. 26(d)(1), 26(f). In fact, Rule 26(d)(1) clearly states that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B). Fed. R. Civ. P. 26(d)(1); *see also Estelle v. FMC Technologies, Inc.*, No. 07-CV-01559, 2007 WL 3231542, at *3 (E.D. La. Oct. 29, 2007) (holding that in the absence of a Rule 26(f) conference, a party is under no obligation to respond to another party's premature discovery submitted in violation of the language and policy of Rule 26(d)). Therefore, Plaintiffs' issuance of a subpoena before a Rule 26(f) conference is appropriate *only if* this case is exempted from the requirement of initial disclosures by Rule 26(a)(1)(B). Plaintiffs' Motion to Compel alleges this to be the case, and reflects their apparent belief that Rule 26(a)(1)(B)'s exemption from initial disclosures for "an action to enforce or quash an administrative summons or subpoena" applies to this case. Plaintiffs' argument is based on a fundamental misreading of the Rule.

First, Rule 26(a)(1)(B) only exempts "an **action** to enforce or quash an administrative summons or subpoena." An "action," by definition, "means a lawsuit brought in a court" and includes such categories as a "Class Action." *See* Black's Law Dictionary (6th ed. 1990). In this case, Plaintiffs have brought a "Class Action" to recover damages allegedly incurred as a result of the Gulf oil spill. *See* Pls. Class Action Complaint [Rec. Doc. 1]. They have *not* brought "an action to enforce or quash an administrative summons or subpoena" within the meaning of Rule 26(a)(1)(B), but have simply brought a "motion" to enforce *judicial* subpoenas issued within a

4

pending "action." Thus, the exemption from Rule 26's required disclosures that runs in favor of "actions" to enforce a subpoena does not, in any way, apply to this case.[5]

Second, Rule 26(a)(1)(B)'s exemption only applies to an action to enforce or quash "an **administrative summons or subpoena**." Plaintiffs' reading of the term "administrative" as a modifier only as to "summonses" and not "subpoenas" is nonsensical; the Rule must be read as applying only to "administrative summonses" and "administrative subpoenas." Thus, Rule 26(a)(1)(B) applies to cases where a person receives an **administrative subpoena** (for instance, any of the subpoenas issued by the U.S. Coast Guard in connection with its *administrative* hearing on the Gulf oil spill) and initiates an *action* in federal court to quash the subpoena, or where the issuing agency initiates an *action* to enforce the subpoena. *See, e.g.*, *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54 (1984) (recognizing that statute gives the NLRB and EEOC "authority to issue administrative subpoenas and to request judicial enforcement of those subpoenas"); *In re: Ramirez*, 905 F.2d 97 (5th Cir. 1990) (recognizing that 8 U.S.C. § 1225 gives the INS the authority to issue an "administrative subpoena" and to "request enforcement by a federal district court" in the case of noncompliance); *Fed. Election Comm'n v. Lance*, 635 F.2d 1132 (5th Cir. 1981) ("The Federal Election Commission brought this **action to enforce an administrative subpoena** . . . ."); *New Orleans Pub. Serv., Inc. v. Brown*, 507 F.2d 160 (5th Cir. 1975) ("[Plaintiff] filed a complaint with the district court asking that the [EEOC] be enjoined from enforcing the subpoena" and the EEOC "counterclaimed for enforcement of its subpoena."). The alternative would mean that, in any action in which a party intends to issue a subpoena, initial disclosures are not necessary and the strict requirement that parties hold a Rule 26(f) conference

---

[5] The Advisory Committee's Notes to Rule 26(a)(1)(E) make clear that the term "actions," where used, was meant to refer to lawsuits. The Committee saw fit to clarify its use of the term "proceedings" in the general text of the Rule by pointing out that "Subdivision (a)(1)(E) refers to categories of 'proceedings' rather than categories of 'actions' because some might not properly be labeled 'actions.'" Fed. R. Civ. P. 26 (advisory committee notes).

before commencing discovery does not apply. Indeed, Plaintiffs' tortured reading of Rule 26(a)(1)(B) would give every party to a lawsuit the ability to short-circuit otherwise mandatory discovery procedures simply by issuing an unenforceable subpoena. This cannot be the intent of the Federal Rules.

The inapplicability of Rule 26(a)(1)(B)'s exemptions to this case is further reflected in the Advisory Committee's Notes to the rule. The Advisory Committee's Notes to Rule 26(A)(1)(B) advise that: "The objective of this listing is to identify cases in which there is likely to be little or no discovery, or in which initial disclosure appears unlikely to contribute to the effective development of the case." *See* Fed. R. Civ. P. 26 (advisory committee notes). Thus, application of the Rule's exemptions depends on the *nature of the underlying cause of action*, not on factors that the parties can manipulate at will (such as whether or not to issue subpoenas), and is intentionally limited to cases that will not involve significant discovery. Given this context, inclusion of "actions to enforce or quash an administrative summons or [administrative] subpoena" is logical; such an action does not require extensive discovery (merely a determination of whether an administrative agency was within its statutory authority in issuing the subpoena), and application of Rule 26 is determined by the *nature* of the action. By contrast, reading Rule 26(a)(1)(B)'s exemption as applying to *all* cases in which subpoenas are issued would be inconsistent with the drafters' intent; there is no logical connection between the issuance of subpoenas and "cases in which there is likely to be little or no discovery," and the applicability of Rule 26(a) would turn on the whims of the parties rather than the nature of the suit.

Moreover, Plaintiffs argue that Halliburton Defendants only cite cases relating to depositions, making these authorities "readily distinguishable." However, the cases from this

Court that Halliburton Defendants cite plainly state that subpoenas requesting documents before a Rule 26(f) discovery conference are premature and invalid. *See, e.g., Rosbottom v. GTech Corp.*, No. 08-CV-0522, 2008 U.S. Dist. LEXIS 52575, at *2 (E.D. La. July 10, 2008) (quashing plaintiff's **subpoena for records** as premature when the parties had yet to confer under Rule 26(f)); *Chevron USA, Inc. v. Peuler*, No. 02-CV-2982, 2003 U.S. Dist. LEXIS 586, at *2 (E.D. La. Jan. 14, 2003) (quashing plaintiff's deposition notices **with an accompanying subpoena duces tecum** as premature when the parties had yet to confer under Rule 26(f)).

In the present case, there are no responsive pleadings on file and no rule 26(f) discovery conference has occurred. Additionally, there is no order from this Court—and no agreement between the parties—that permits Plaintiffs to initiate discovery. As such, Plaintiffs' Subpoenas are premature attempts to seek discovery from Halliburton Defendants. The Court, therefore, should deny Plaintiffs' Motion and quash their Subpoenas as premature and in violation of the language and policy of Rule 26(d) and Rule 26(f) of the Federal Rules of Civil Procedure.

  **B.**  **Plaintiffs' Subpoenas are procedurally improper.**

Plaintiffs' Subpoenas are procedurally improper discovery requests because Halliburton Defendants are parties to the instant suit. Generally, Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas directed to non-parties. *In the Matter of the Comp. of MNM Boats, Inc.*, No. 07-CV-1938, 2009 U.S. Dist. LEXIS 41401, at *7 (E.D. La. May 5, 2009); *See* Fed. R. Civ. P. 45. This Court has previously recognized that the proper procedure for requesting the production of documents **from parties** is set forth in Rule 34 of the Federal Rules of Civil Procedure, *not* Rule 45 as Plaintiffs maintain. *Comp. of MNM Boats, Inc.*, 2009 U.S. Dist. LEXIS 41401, at *7 (granting motion to quash after party served another party with a subpoena duces tecum, stating that the serving party should have served a request for production as set forth in Rule 34); *See* Fed. R. Civ. P. 34.

7

Plaintiffs' reliance on *In re: Vioxx Products Liability Litigation* and *Johnson v. Big Lots Stores, Inc.*[6] is misplaced.  In both cases, the courts analyzed the validity and enforceability of a trial subpoena, not a subpoena for the production of documents served on parties in the case.  *In re: Vioxx Prods. Liab. Litig.*, 438 F. Supp. 2d 664, 664-65 (E.D. La. 2006); *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 214 (E.D. La. 2008).  Thus, it is Plaintiffs who rely on inapplicable law rather than Halliburton Defendants.  Plaintiffs may serve their request for production of documents pursuant to Rule 34 after the parties conduct a Rule 26(f) discovery conference.  This Court should deny Plaintiffs' Motion and quash the Subpoenas as improper and premature.

      **C.**     **The Subpoenas impose an undue burden on Halliburton Defendants because they are untimely and lack substantive limitations.**

In the alternative, and without waiving the foregoing arguments, Plaintiffs' Subpoenas work an undue burden on Halliburton Defendants because the specific requests are premature and lack substantive limitations.  Pursuant to Rule 45(c)(3), a court may enter an order quashing subpoenas issued from its own district on a showing that the subpoenas impose an undue burden.  *See* Fed. R. Civ. P. 45(c)(3).  In fact, courts consistently quash requests in subpoenas that are substantively overbroad.  *See, e.g., Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820-21 (5th Cir. 2004) (holding subpoena to be overbroad because it lacked sufficient substantive limitations when it requested "all documents that relate to [nonparty's] dealings with Nigerian government."); *Pinero v. Jackson Hewitt, Inc.*, 2009 U.S. Dist. LEXIS 91290 (E.D. La. Sept. 16, 2009) (quashing subpoena because it imposed an undue burden on parties after the plaintiff failed to narrowly tailor its requests); *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389-90 (N.D. Tex. 2003) (holding facially overbroad subpoenas to be unduly burdensome).

---

[6] As plaintiffs concede, the court in *Big Lots Stores, Inc.* properly quashed the subpoenas at issue.

8

An evaluation of undue burden, set forth in Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure, requires courts to weigh the burden to the subpoenaed party against the value of the information to the serving party. *Choice, Inc. of Tex. v. Graham*, No. 04-CV-1581, 2005 U.S. Dist. LEXIS 12017, at *7 (E.D. La. May 31, 2005). Whether a subpoena imposes an undue burden depends upon such factors as: (1) relevance; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by it; (5) the particularity with which the documents are described; and (6) the burden imposed. *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Choice, Inc. of Tex.*, 2005 U.S. Dist. LEXIS 12017, at *7. The determination of burden and reasonableness is within the trial court's sound discretion. *Choice, Inc. of Tex.*, 2005 U.S. Dist. LEXIS 12017, at *7.

Plaintiffs' Subpoenas seek "**all** documents" in sixteen categories of information without any reasonable form of substantive limitation. Exhibits "B" & "C", pp. 6-8 (emphasis added). Likewise, the instructions attached to the Subpoenas are extremely overbroad. For example, Plaintiffs' requests encompass any and all documents, including:

> the original and any written, printed, record, or graphic materials of any kind, or character, whether maintained in electronic or hardcopy format, whether now or formerly in your actual or constructive possession, custody, or control, including, but not limited to, notes, drafts, letters, correspondence, telegrams, memoranda, messages, records, minutes, calendar or diary entries, maps, plaques, contracts, agreements, photographs, statements, handwritten notes, notations, notations of conversations or conferences, bulletins, pamphlets, notices, studies, summaries, reports, faxes, worksheets invoices, ledgers, financial statements, check registers, checks, computer entries, e-mail messages, computer printouts, tape recordings, video tapes, audio tapes, audio video or any other data in an electric or computerized format, and all documents and information necessary to complete understanding or interpretation of the foregoing.

*Id.* at 5. The lack of substantive limitations imposes an extreme burden on Halliburton Defendants. Halliburton Defendants respectfully requests this Court deny Plaintiffs' Motion and quash Plaintiffs' Subpoenas because they work an undue burden on Halliburton Defendants.

9

### D. The Subpoena fails to allow reasonable time for compliance.

This Court should deny Plaintiffs' Motion and quash the Subpoenas because they provide only thirteen days for compliance. Pursuant to Rule 45, the Court must quash a subpoena that fails to allow a reasonable time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). Plaintiffs argue that Halliburton Defendants failed to cite any binding authority for the proposition that thirteen days is an unreasonable time for compliance. However, courts in this district—and neighboring districts—make clear that such a short time period is unreasonable. S*ee, e.g., Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 U.S. Dist. LEXIS 19186, at *13 (M.D. La. Mar. 12, 2008) (quashing subpoena that requested compliance fifteen days after service, considering the time it would take the party to review extensive documents for relevance and confidentiality); *Anderson v. Shell Oil Co.*, No. 93-CV-2235, 1996 U.S. Dist. LEXIS 7497, at *7 (E.D. La. May 23, 1996) (finding subpoena failed to allow reasonable time to comply based on the extensive information that the serving party requested).

Additionally, the Federal Rules of Civil Procedure allow fourteen days for a party to make an objection to a subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B). This includes the deadline to file a motion to quash. *Id.* at 45(d)(2); *Hoover v. Fla. Hydro, Inc.*, No. 07-CV-1100, 2008 U.S. Dist. LEXIS 87839, at *9-11 (E.D. La. Oct. 1, 2008); *First Nat'l Bank of La. v. Lustig*, No. 87-CV-5488, 1993 U.S. Dist. LEXIS 14466, at *1-2 (E.D. La Oct. 7, 1993) (parties should file motions to quash subpoenas within fourteen days of service). Indeed, had Plaintiffs adhered to the proper procedure for requesting documents from a party—*i.e.,* Requests for Production—Halliburton Company would have had more than twice as much time to prepare its responses than Plaintiffs have allowed it through their improper Subpoenas. *See* Rule 34(b)(2)(A) (allowing parties 30 days to respond to requests for production of documents).

Here, Plaintiffs served Halliburton Defendants with the Subpoenas on May 11, 2010. Plaintiffs requested compliance on May 24, 2010—only thirteen day after service. The thirteen day compliance period that Plaintiffs request is less than the fifteen day compliance period found in *Thomas*, which is an unreasonable time to review extensive documents for relevance and confidentiality. *See Thomas*, 2008 U.S. Dist. LEXIS 19186, at *13. This is especially true in light of the number of requests that Plaintiffs propound. Contrary to Plaintiffs' assertions, producing such an extensive array of documents is more than a ministerial matter. Finally, Halliburton Defendants' deadline to file its objections to Plaintiffs' Subpoenas is, under Rule 45(c)(2), May 28, 2010, four days after the date of Plaintiffs' requested compliance. Based on the extensive documents that Plaintiffs request within an unreasonably short time period, this Court should quash Plaintiffs' Subpoenas.

## **CONCLUSION**

For the reasons set forth above, Halliburton Defendants respectfully request that this Court deny Plaintiffs' Motion and quash the Subpoenas because: (1) they prematurely seek discovery before parties have conducted a Rule 26(f) discovery conference; (2) the Subpoenas are a procedurally improper discovery request on a party to the lawsuit; (3) the Subpoenas work an undue burden on Halliburton Defendants; (4) and the Subpoenas fail to allow a reasonable time for compliance.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin, T.A., *admitted pro hac vice*
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr., *admitted pro hac vice*
bbowman@godwinronquillo.com
Jenny L. Martinez, *admitted pro hac vice*
jmartinez@godwinronquillo.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York, *admitted pro hac vice*
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

and

/s/ Katharine R. Colletta
Katharine R. Colletta, #27552
Daniel A. Tadros, #21906
Derek A. Walker, #13175
Alan R. Davis, #31694
Adelaida J. Ferchmin, #29859
**CHAFFE McCALL L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: 504.585.7000
Facsimile: 504.585.7075

**ATTORNEYS FOR DEFENDANTS
HALLIBURTON COMPANY AND
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification; and that a copy of the foregoing has been delivered either by facsimile, by hand delivery, or by placing same in the U.S. Mail, properly addressed and postage prepaid, to all counsel of record who are not registered to receive notice electronically, on this 26th day of May, 2010.

                                                        s/Katharine R. Colletta
                                                        Katharine R. Colletta