UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAY VATH AND LOUISIANA ENVIRONMENTAL ACTION NETWORK | CIVIL ACTION |
| VERSUS | NO. 10-1273 |
| BP , P.L.C.; BP EXPLORATION & PRODUCTION INC.; TRANSOCEAN LTD.; ANDARKO E&P COPMANY LP; ANDARKO PETROLEUM CORP.; MOEX OFFSHORE 2007 LLC, CAMERON INTERNATIONAL CORP.; HALLIBURTON ENERGY SERVICES, INC., AND HALLIBURTON COMPANY | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court is defendant BP Exploration & Production Inc.'s motion to stay pending transfer by the Judicial Panel on Multidistrict Litigation. For the following reasons, the motion is GRANTED.

<u>Background</u>

On April 20, 2010, the Deepwater Horizon oil rig exploded into flames and sank; oil began spilling into the Gulf of Mexico causing an oil slick on the surface of the water and plumes of oil beneath. As the days and weeks passed, the oil spill had not yet been contained, and parties began filing damage suits for personal injuries, injury to their business interests, and injuries to their property. This is one of those lawsuits.

1

EXHIBIT

A

On May 7, 2010, BP moved to consolidate the many cases[1] related to the Deepwater Horizon explosion before the Judicial Panel for Multidistrict Litigation pursuant 28 U.S.C. § 1407. The motion is expected to be heard in late July 2010. The Transocean defendants filed a limitation action as owners and operators of the Deepwater Horizon in the Southern District of Texas, Houston Division. On May 13, 2010, that district court ordered all persons claiming damages for any losses or injuries occasioned during the Deepwater Horizon catastrophe be notified to file their claims with that court, or have their claims be forever barred. The court also ordered the beginning or continued prosecution of any actions against the Transocean entities or the Deepwater Horizon be "enjoined, stayed and restrained."

<u>Law and Analysis</u>

I.

A pending transfer motion before the MDL panel does not deprive the district court in which the action is then pending of jurisdiction over pretrial matters. J.P.M.L R. PROC. 1.5.; see <u>In re Air Crash Disaster at Paris, France, on Mar. 3, 1974</u>, 376 F. Supp. 887, 888 (J.P.M.L. 1974) ("[T]he mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court . . . ."). The MDL

---

[1]According to the defendant, at least 70 cases have been filed in various state and federal courts; and at least 59 of these are styled as class actions.

Panel has observed that "the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable," while "[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings." In re Penn Cent. Sec. Lit., 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971). Nonetheless, the matter of a stay "is within the sole discretion of the transferor judges." In re Air Crash Disaster, 376 F. Supp. at 888.

Indeed, incidental to its power to control the disposition of its docket, a district court has the inherent power to stay proceedings. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). When determining whether to do so, the court "must weigh competing interests and maintain an even balance." Id. The district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co., No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009).

Courts frequently grant stays in cases when an MDL decision is pending. District courts have granted motions to stay after finding that the plaintiff would not be prejudiced by a slight delay.

3

Falgoust v. Microsoft Corp., No. 00-779, 2000 WL 462919, at *2
(E.D. La. Apr. 19, 2000); see La. Stadium, 2009 WL 926982, at *1
(responsive pleadings due to MDL panel eighteen days after district
court decision); Kennedy v. Novartis Pharm., Corp., No. 02-2331,
2002 WL 31051601 (E.D. La. Sept. 12, 2001) (MDL panel had already
ordered a conditional order of transfer, Court anticipated a three
to four week delay); Tench v. Jackson Nat'l Life Ins. Co., No. 99-
5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (MDL panel
hearing only one week away); Good v. Prudential Ins. Co. of Am., 5
F. Supp. 2d 804, 809 (N.D. Cal. 1998)(MDL panel had already ordered
a conditional order of transfer). In Falgoust, for example, the
court determined that the hardship faced by the defendant forced to
litigate in multiple courts and potentially forced to suffer
conflicting rulings outweighed the prejudice to the plaintiff
caused by delay. Falgoust, 2000 WL 462919, at *2.

## II.

The present litigation compels a stay. A delay of a few
months, while longer than some of the cases cited by the parties,
is, nonetheless, slight when compared to the hardship to the
defendants and the interests of judicial economy. The Court notes
that there is no evidence of spoilation of evidence, and sanctions
will remain available if the defendants engage in prohibited
conduct. Further, if emergency relief is needed, a stay can always
be lifted.

4

With at least seventy lawsuits in different districts, the defendants face the burden of litigating in multiple jurisdictions. More importantly, between the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system.

The Court finds that the prejudice to the plaintiffs caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy. Accordingly, the defendant's motion is GRANTED.

IT IS ORDERED: that all proceedings in this case are temporarily stayed, pending the MDL Panel's final decision on whether to consolidate.

New Orleans, Louisiana, May 25, 2010.


_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAJUN OFFSHORE CHARTERS, LLC | CIVIL ACTION |
| VERSUS | NO. 10-1341 |
| BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP EXPLORATION & PRODUCTION, INC., TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., HALLIBURTON ENERGY SERVICES, INC., CAMERON INTERNATIONAL CORP. F/K/A COOPER CAMERON & MARINE SPILL RESPONSE CORP. | SECTION "F" |

ORDER AND REASONS

Before the Court is a motion to stay pending transfer by the Judicial Panel on Multidistrict Litigation by defendants BP Products North America, Inc., and BP Exploration & Production, Inc. For the following reasons, the motion is GRANTED.

Background

On April 20, 2010, the Deepwater Horizon oil rig exploded into flames and sank; oil began spilling into the Gulf of Mexico causing an oil slick on the surface of the water and plumes of oil beneath. As the days and weeks passed, the oil spill had not yet been contained, and parties began filing damage suits for personal injuries, injury to their business interests, and injuries to their property. This is one of those lawsuits.

1

On May 7, 2010, BP moved to consolidate the many cases[1]
related to the Deepwater Horizon explosion before the Judicial
Panel for Multidistrict Litigation pursuant 28 U.S.C. § 1407. The
motion is expected to be heard in late July 2010. The Transocean
defendants filed a limitation action as owners and operators of the
Deepwater Horizon in the Southern District of Texas, Houston
Division. On May 13, 2010, that district court ordered all persons
claiming damages for any losses or injuries occasioned during the
Deepwater Horizon catastrophe be notified to file their claims with
that court, or have their claims be forever barred. The court also
ordered the beginning or continued prosecution of any actions
against the Transocean entities or the Deepwater Horizon be
"enjoined, stayed and restrained."

<u>Law and Analysis</u>

I.

A pending transfer motion before the MDL panel does not
deprive the district court in which the action is then pending of
jurisdiction over pretrial matters. J.P.M.L R. PROC. 1.5.; see <u>In re
Air Crash Disaster at Paris, France, on Mar. 3, 1974</u>, 376 F. Supp.
887, 888 (J.P.M.L. 1974) ("[T]he mere pendency of a motion before
the Panel does not affect or suspend orders and discovery
proceedings in the transferor district court . . . ."). The MDL

---

[1]According to the defendants, at least 70 cases have been
filed in various state and federal courts; and at least 59 of these
are styled as class actions.

2

Panel has observed that "the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable," while "[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings." In re Penn Cent. Sec. Lit., 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971). Nonetheless, the matter of a stay "is within the sole discretion of the transferor judges." In re Air Crash Disaster, 376 F. Supp. at 888.

Indeed, incidental to its power to control the disposition of its docket, a district court has the inherent power to stay proceedings. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). When determining whether to do so, the court "must weigh competing interests and maintain an even balance." Id. The district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co., No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009).

Courts frequently grant stays in cases when an MDL decision is pending. District courts have granted motions to stay after finding that the plaintiff would not be prejudiced by a slight delay.

3

Falgoust v. Microsoft Corp., No. 00-779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000); see La. Stadium, 2009 WL 926982, at *1 (responsive pleadings due to MDL panel eighteen days after district court decision); Kennedy v. Novartis Pharm., Corp., No. 02-2331, 2002 WL 31051601 (E.D. La. Sept. 12, 2001) (MDL panel had already ordered a conditional order of transfer, Court anticipated a three to four week delay); Tench v. Jackson Nat'l Life Ins. Co., No. 99-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (MDL panel hearing only one week away); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)(MDL panel had already ordered a conditional order of transfer). In Falgoust, for example, the court determined that the hardship faced by the defendant forced to litigate in multiple courts and potentially forced to suffer conflicting rulings outweighed the prejudice to the plaintiff caused by delay. Falgoust, 2000 WL 462919, at *2.

## II.

The present litigation compels a stay. A delay of a few months, while longer than some of the cases cited by the parties, is, nonetheless, slight when compared to the hardship to the defendants and the interests of judicial economy. The Court notes that there is no evidence of spoilation of evidence, and sanctions will remain available if the defendants engage in prohibited conduct. Further, if emergency relief is needed, a stay can always be lifted.

With at least seventy lawsuits in different districts, the defendants face the burden of litigating in multiple jurisdictions. More importantly, between the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system.

The Court finds that the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy. Accordingly, the defendants motion is GRANTED.

IT IS ORDERED: that all proceedings in this case are temporarily stayed, pending the MDL Panel's final decision on whether to consolidate.

New Orleans, Louisiana, May 25, 2010.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS SCHOUEST, III and JAMES JOSEPH GEORGE, JR.** | * | **CIVIL ACTION** |
| | * | **NO.  CV-10-00727** |
| **versus** | * | **SECTION** |
| **BP PRODUCTS NORTH AMERICA, INC.; BP AMERICA, INC.; BP, plc; TRANSOCEAN, LTD; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; CAMERON INTERNATIONAL CORPORATION and HALLIBURTON ENERGY SERVICES, INC.** | * | **JUDGE TUCKER L. MELANCON** |
| | * | **MAGISTRATE HILL** |
| | * | |
| | * | |
| | * | |

## <u>ORDER</u>

CONSIDERING THE FOREGOING Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation filed by defendants BP Products North America Inc. and BP America Inc. (collectively the "BP Defendants");

IT IS HEREBY ORDERED that the above-captioned action is temporarily stayed until ten (10) days after the date on which the Judicial Panel on Multidistrict Litigation ("JPML") issues an Order deciding the pending  motion(s) to transfer and consolidate cases filed in connection or in relation to *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL Docket No. 2179, pursuant to 28 U.S.C. § 1407;

IT IS FURTHER ORDERED that the BP Defendants are hereby required to notify the

Court, or cause it to be notified, of the disposition of the Motion to Transfer and/or any related

motion before the JPML.

FURTHER ORDERED that counsel for BP defendants shall notify·the
undersigned by telephone on September 15, 2010 if no transfer has

___Lafayette___, Louisiana, this _12_ day of ___May___, 2010.          occured.


_C Michael Hill_

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

-2-

Noiman_850916_1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CAJUN MAID, LLC,** *et al* | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **Civil No. 1:10cv176-HSO-JMR** |
| | § | |
| **BP, PLC, BP AMERICA, INC.,** *et al.* | § | **DEFENDANTS** |

## ORDER GRANTING CERTAIN DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS

BEFORE THE COURT is a Motion for Stay of Proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ["JPML"] on whether to transfer this matter to multidistrict litigation ["MDL"]. The instant Motion was filed by Defendants BP America, Inc., and BP Products North America, Inc. ["BP Defendants"]. After consideration of the Motion, the related pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be granted.

According to BP Defendants, this case is one of at least seventy (70) related cases filed in various state and federal courts in the southeastern United States arising out of an explosion and fire onboard Transocean's Deepwater Horizon drilling rig on April 20, 2010, and the ensuing oil spill. *See* Mot. to Stay, at p. 2. BP Defendants seek a stay of this case, pending a decision by the JPML concerning a Motion to Transfer which BP Exploration & Production Inc. ["BPXP"], filed on May 7, 2010, in *In re: Deepwater Horizon Incident Litig.*, MDL No. 2179. *See id.*

The power of this Court to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v.*

*North American Co.*, 299 U.S. 248, 254 (1936).  The Court finds that Plaintiffs will

not be unduly prejudiced if these proceedings are stayed pending a decision by the

JPML on a possible transfer.  The Court further finds that a stay of these

proceedings will promote judicial economy.  Therefore, the Court will exercise its

discretion and stay all proceedings in this case, pending a decision by the JPML on

BPXP's Motion to Transfer.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

more fully stated herein, all proceedings in this case are hereby stayed pending a

decision by the JPML on whether this case will be transferred to MDL.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, in light of the stay,

any other pending Motions are hereby **DENIED WITHOUT PREJUDICE**, with

leave to reassert upon lifting of the stay.

**SO ORDERED AND ADJUDGED**, this the 27th day of May, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| BILLY WILKERSON, et al,        ) | |
|        ) | |
|     Plaintiffs,        ) | |
|        ) | |
| v.        ) | **CIVIL ACTION 10-00201-KD-C** |
|        ) | |
| TRANSOCEAN HOLDINGS, INC., et al,        ) | |
|        ) | |
|     Defendants.        ) | |

This action is before the Court on the Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation filed by defendants BP Exploration & Production, Inc., BP America, Inc., and BP Products North America, Inc. (doc. 5); joinder in the motion for stay filed by defendant Halliburton Energy Services, Inc. (doc. 22); the plaintiffs' brief in opposition (doc. 9); and the BP defendants' reply (doc. 35).

Upon consideration, the motion for stay (doc. 5) is **DENIED with leave to re-file** after responsive pleadings have been filed. See Burke v. BP Corporation North America, Inc., *et al.*, No. 10-cv-00195-WS-M (S.D. Ala. May 25, 2010) (order denying motion for stay (doc. 41)).

    **DONE** and **ORDERED** this May 25, 2010.


                       **s/ Kristi K. DuBose**
                       **KRISTI  K. DuBOSE**
                       **UNITED STATES DISTRICT JUDGE**

383.035
D248334

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PETER BURKE, *et al.*,       )
                             )
    Plaintiffs,           )
                             )
v.                           )     CIVIL ACTION 10-0195-WS-M
                             )
BP CORPORATION NORTH         )
AMERICA, INC., *et al.*,     )
                             )
    Defendants.           )

## ORDER

This matter comes before the Court on defendant BP America Inc.'s Motion for Stay of Proceedings (doc. 6), as well as defendant Halliburton Energy Services, Inc.'s Joinder in Motion for Stay (doc. 18).

On April 20, 2010, there was an explosion onboard the Deepwater Horizon drilling rig in the Gulf of Mexico. A massive and heavily publicized oil spill ensued, with the potential to jeopardize property, livelihoods, wildlife, and a vast array of other interests across the entire Gulf Coast region. This case is one of dozens of putative class actions that have been filed in at least seven federal district courts (as well as in state courts) throughout the southeastern United States in recent weeks as a result of that oil spill. To date, no defendant has filed an answer or Rule 12(b) motion in this action. Additionally, it appears that no discovery has commenced and no Rule 26(f) conference has been conducted.

Several defendants have requested that this action be stayed in its entirety on the ground that various parties have petitioned the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to transfer the burgeoning volume of related federal actions (including this one) to a single district court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The MDL Panel notified the undersigned that it has received a motion to transfer this case in the proceeding styled *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179. The Court understands that the MDL Panel will hear the pending transfer motions in MDL No. 2179 at its July 2010 hearing session in Boise,

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

STEVEN LAVIGNE and PAUL LAVIGNE,　　:

　　　Plaintiffs,　　　　　　　　　　:

vs.　　　　　　　　　　　　　　　　:　　　CA 10-0222-MJ-C

BRITISH PETROLEUM, PLC, et al.,　　:

　　　Defendants.

## ORDER

This cause is before the Court on defendants BP Exploration & Production, Inc., BP America, Inc., and BP North America, Inc.'s Motion for Stay of Proceedings (Doc. 5), the joinder in the motion to stay filed by defendant Halliburton Energy Services, Inc. (Doc. 12), the plaintiffs' response (Doc. 21), and the BP defendants' reply (Doc. 27).

Upon consideration of the foregoing pleadings, the motion for stay of proceedings (Doc. 5) is **DENIED without prejudice to the defendants' ability to re-file same** after responsive pleadings have been filed. *See, e.g., Hopkins, et al. v. Transocean, Ltd., et al.,* CA 10-0221-WS-C, Doc. 12 (May 25, 2010 order denying motion to stay as premature).

**DONE** and **ORDERED** this the 27th day of May, 2010.

　　　s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

Idaho.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A critical point is that "[a] stay pending transfer to MDL proceedings is not automatic." *Boudin v. ATM Holdings, Inc.*, 2007 WL 1841066, *1 (S.D. Ala. June 27, 2007); *see also Jozwiak v. Stryker Corp.*, 2010 WL 147143, *2 (M.D. Fla. Jan. 11, 2010) ("a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL panel for transfer and consolidation") (citations omitted); *Toppins v. 3M Co.*, 2006 WL 12993, *1 (E.D. Mo. Jan. 3, 2006) ("A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation.").

In this case, the Court finds that the Motion to Stay is premature. As noted, the MDL Panel will take up the motions to transfer in MDL No. 2179, approximately 60 days from now. There is no reason why this action cannot move forward with preliminary steps in the interim. Regardless of whether and where the MDL Panel ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings. Should any of those defendants see fit to file Rule 12(b) motions, those motions will need to be briefed. Entering a stay at this juncture and under these circumstances would not rescue defendants from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to late July (when the MDL Panel will hear the motions to transfer) appears quite slim, simply because of the nascent status of this litigation. By all appearances, the only tangible effect of

-2-

entering a stay at this time would be to allow defendants a three-month reprieve after service of process before being required to answer the allegations brought by plaintiffs in the Complaint. Such a protracted delay appears both unnecessary and unwarranted.  By contrast, it would benefit both the parties and the transferee court (assuming there is one) to have a clear picture of the issues joined and the defenses raised, with briefing of any threshold legal issues already completed, at the time of any transfer order by the MDL Panel.

For all of the foregoing reasons, the Court in its discretion **denies** the Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation (doc. 6).

DONE and ORDERED this 25th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SHANE ROSHTO  and            CIVIL ACTION NO. 10-1156
NATALIE ROSHTO

                            NEW ORLEANS, LOUISIANA
    VS.                  TUESDAY, MAY 18, 2010
                            10:30 A.M.
TRANSOCEAN , LTD, and       SECTION "A"
BP, PLC


MOTIONS
BEFORE THE HONORABLE JAY C. ZAINEY
UNITED STATES DISTRICT COURT JUDGE


A P P E A R A N C E S:

FOR THE PLAINTIFFS          MARTZELL & BICKFORD
SHANE AND NATALIE           By: Scott R. Bickford, Esq.
ROSHTO:                     338 Lafayette Street
                            New Orleans, Louisiana 70130


FOR TRANSOCEAN OFFSHORE     PREIS & ROY, PLC
DEEPWATER DRILLING, INC.:   By: Michael North, Esq.
                            Versailles Centre
                            102 Versailles Blvd.
                            Lafayette, Louisiana


FOR BP PRODUCTS NORTH       LISKOW & LEWIS
AMERICA, INC., ET AL.:      By: Donald R. Abunza, Esq.
                            Don Keller Haycraft, Esq.
                            One Shell Square
                            701 Poydras St., Suite 5000
                            New Orleans, Louisiana 70139
                                      And
                            KIRKLAND & ELLIS
                            By: John T. Hickey, Esq.
                            300 North LaSalle
                            Chicago, Illinois 60654

EXHIBIT

B

APPEARANCES CONTINUED:

FOR HALLIBURTON ENERGY
SERVICES, INC.:

ADAMS & REESE, LLP
By:  Mark J. Spansel, Esq.
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

REPORTED BY:

VICTOR D. Di GIORGIO, CCR
OFFICIAL COURT REPORTER
500 Poydras St., Room HB 406
New Orleans, Louisiana  70130
(504) 589-7782

Proceedings recorded by mechanical stenography.
Transcript produced by computer aided transcription.

1      MR. HAYCRAFT:  Your Honor, what Mr. Bickford is now

2  referencing is literally discovery.  There are parties that have

3  not been served in here.  We have a motion to stay pending.

4  There's been no Rule 26(f) Conference.  Obviously the materials

5  that Mr. Bickford is referring to presumably have been produced,

6  but to have discovery at this early stage of the lawsuit where

7  defenses are being formulated and answers and responsive

8  pleadings will be due at a certain point, or we had a motion to

9  stay pending where there is an MDL transfer petition, and I'll

10  just remind the Court that at this moment, which changes all the

11  time, there are currently 110 lawsuits pending between Texas all

12  the way to Florida, and there are 30 or so in this Court alone,

13  and if in each individual case there's precipitous or, you know,

14  going beyond or athwart ship the Federal Rules of Civil

15  Procedure, and Rule 26(f) in particular, I think that's putting

16  the cart before the horse.  This is a litigation.  Mr. Roshto is

17  dead, that's a tragedy for sure, and there are ten other men who

18  sometimes I feel are being forgotten in all the news media these

19  days.  These will be addressed by the Court in due course, and

20  what Mr. Bickford is looking for is early discovery, and I think

21  that's inappropriate and it's not proper subject to a motion for

22  a protective order.

23      THE COURT:  Again, Mr. Bickford's point is very well

24  taken.  However, there are 110 other lawsuits out there, and

25  this would get very unwieldy.  We're going to have to let the

1  dust settle, that's all there is to this.

2        The MDL panel is set to meet, I believe in a couple of

3  weeks, next week, late May.

4        MR. BICKFORD:  July.

5        MR. HAYCRAFT:  It's July.

6        MR. BICKFORD:  There was a request for an expedited

7  consideration by the Environmental that was denied.  The MDL

8  panel who docketed it, the 29th --

9        MR. HAYCRAFT:  In Boise, Idaho.

10        We would like the MDL panel to meet next week, but

11  unfortunately they will not meet.

12        THE COURT:  I would think it's unwieldy because just

13  as Mr. Bickford wants information for his lawsuit other people

14  would want it and would be entitled to information for their

15  lawsuit and this would really get out of hand, that's why we

16  have the normal discovery process.  That's why we have the

17  Federal Rules of Procedure, and things will be addressed at the

18  appropriate time.  Again, my main concern is that neither of

19  party, or none of the parties in this litigation had been

20  prejudiced in any way.  I just do not see that happening at this

21  point.  So I agree with the defendant on that issue.

22        Let me ask you this:  Mr. Bickford had asked that

23  experts go out to the scene.  Again, you know, the scene is one

24  right now, and they're no longer unfortunately in a rescue mode,

25  but in a recovery mode, and I understand that, we can't have too

1          THE COURT:   Thank you.

2          I'm urging you do that, and I'm ordering you to do

3     that, but I'm urging that you have good -- obviously, it's all

4     discoverable, and you'll have the opportunity at the appropriate

5     time.

6          I know that BP is not interested nor is expected to

7     handle this in a piecemeal fashion since we are aware of these

8     other lawsuits.   I do feel again, that there are sufficient

9     safeguards already in place by the United States government.

10          The only thing that I am going to specifically state at

11     this point though is to make absolutely sure that everyone is on

12     the same page, that there will be no documents or records of any

13     nature that will be destroyed as it relates to this incident, or

14     as it relates to any equipment, as it relates to any

15     appurtenances, because I can understand the need for destruction

16     or modification of equipment, I can understand that, because

17     that's a recovery effort, but there's no reason whatsoever, and

18     I'm not suggesting that that's been done yet.   Certainly, Mr.

19     Bickford, I asked him and he's not aware of that, so I'm not

20     suggesting that it's been done, and I'm not anticipating that it

21     would be done, but just so that everybody is clear on this, that

22     there will be no documents or records of any nature that will be

23     destroyed as it relates to this vessel, as it relates to any

24     matter which arguably would be relevant to this litigation or to

25     this disaster in general.   Fair enough?

1   Thank you, gentlemen.

2   MR. BICKFORD:  Thank you.  I appreciate it.

3   THE DEPUTY CLERK:  All rise.

4   Court's in recess.

5   *          *          *          *          *

6   C E R T I F I C A T E

7

8

9       I, Victor D. Di Giorgio, Official United States

10  Court Reporter in and for the Eastern District of Louisiana, do

11  hereby certify that the foregoing proceedings were taken down by

12  me in shorthand at the time and place aforesaid, transcribed

13  under my personal direction and supervision, and that the

14  preceding pages represent a true and correct transcription, to

15  the best of my ability and understanding.

16

17

18

19  S/Victor D. Di Giorgio
    Victor D. Di Giorgio, CCR
20  Official U.S. Court Reporter

21

22

23

24

25